IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BROCK E. OKENNARD,                      )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Case No. 3:12-cv-51-GPM-DGW
                                        )
DAVID SZOKE, P. CASTILLO, L. DUNCAN,    )
and DR. HOWARD,                         )
                                        )
        Defendants.                     )
                                        )

**REPORT AND RECOMMENDATIONS**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by

United States District Judge G. Patrick Murphy pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule

of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendations on the

pending motion for preliminary injunctive relief filed by Plaintiff Brock E. Okennard on June 29,

2012 (Doc. 10).  It is **RECOMMENDED** that the request for preliminary injunctive relief be

**DENIED**.

**FINDINGS OF FACT**

Plaintiff Brock E. Okennard, an inmate at USP-Marion, filed his complaint in the action on

Janaury 18, 2012, alleging that defendants acted with deliberate indifference to his serious medical

needs, in violation of his constitutional rights.   Plaintiff suffers from Keratoconus, a degenerative

eye condition.  Plaintiff claims that while he was incarcerated in a different Bureau of Prisons

(BOP) facility in 2005, he underwent a corneal transplant of his left eye.   The eye did not heal

properly and was permanently damaged.   Plaintiff sought treatment for his eyes from BOP

physicians and administrators, but he received none.   Plaintiff was eventually transferred to USP-Marion.   In late 2009, he received an eye examination.   The examining doctor recommended an eye operation.   Plaintiff claims that Defendants have since refused to schedule the surgery (Doc. 11).

In a document styled Motion for Leave to File an Amended Complaint, Okennard requested that the Court order the BOP to immediately transfer him to a federal medical facility so he may receive treatment.

The Court held a hearing on the request for injunctive relief on September 10, 2012.   The Court construed the request as a Motion for Temporary Restraining Order pursuant to Fed. R. Civ. P. 65(b).   At the time of the hearing, no defendant had yet answered the complaint.   The Court's docketing system indicates that summonses were issued on August 31, 2012, to the four defendants.   The hearing was held *ex parte* with Okennard and Judge Wilkerson participating. After hearing argument from Plaintiff, the Court granted an oral motion for appointment of counsel (Doc. 24).

### CONCLUSIONS OF LAW

Under Fed. R. Civ. P. 65(b), the Court may issue a TRO without notice to the adverse party only if "specific facts in an affidavit or a verified complaint clearly show that immediate irreparable injury, loss, or damages will result to the movant before the adverse party can be heard in opposition."   In the prisoner context, preliminary injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).   Issuance of temporary restraining orders "should be restricted to serving their underlying purpose of

2

preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974).

Okennard's request for immediate transfer to another BOP facility where he can be treated is not a request that would preserve the status quo.   It is a request for the Court to take over prison management.   As such, it not the type of request that may be granted through the issuance of a temporary restraining order.   Therefore, the undersigned recommends that his request be **DENIED**.

The Court's recommendation of denial of a temporary restraining order is not intended to preclude later entry of injunctive relief.   The recommendation limits only the *immediate* issuance of an order before Defendants answer.   The Court recommends that Okennard be given the opportunity to consult with his newly-appointed attorney to determine whether another request for injunctive relief is warranted.

## CONCLUSION

Therefore, based on all the foregoing, it is hereby **RECOMMENDED** that the Plaintiff's request for a temporary restraining order be **DENIED**.

**DATED: September 17, 2012**

**DONALD G. WILKERSON**
**United States Magistrate Judge**

3