IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BROCK E. OKENNARD,** )<br>)<br>**Plaintiff,** )<br>)<br>vs. )<br>)<br>**DAVID SZOKE, P. CASTILLO, L.** )<br>**DUNCAN and DR. HOWARD,** )<br>)<br>**Defendant.** )<br>)<br>)<br>) | CIVIL NO. 12-51-GPM |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Okennard filed this 42 U.S.C. § 1983 suit on January 18, 2012, alleging that defendants acted with deliberate indifference to his serious medical needs in violation of his constitutional rights.  In brief, Mr. Okennard, suffers from Keratoconus, a degenerative eye condition.  He claims that while he was incarcerated in a different Bureau of Prisons (BOP) facility in 2005, he underwent a corneal transplant of his left eye that did not heal properly, resulting in permanent damage to his eye. He claims that he is being denied treatment, as well as a needed surgery.  On June 29, 2012, in a document styled Motion for Leave to File an Amended Complaint, Mr. Okennard requested that the Court order the BOP to immediately transfer him to a federal medical facility to receive treatment (Doc. 10).  Magistrate Judge Donald G. Wilkerson held an *ex parte* hearing on the request for injunctive relief on September 10, 2012 because the defendants had yet to answer the complaint.  The Court construed the request as a Motion for Temporary

Restraining Order pursuant to FED. R. CIV. P. 65(b) and issued a Report and Recommendation on September 17, 2012 (Doc. 28). No timely objections have been filed. The Court's docketing system indicates that summonses were issued on August 31, 2012, and none of the four defendants have yet to answer the complaint.

Magistrate Judge Wilkerson's Report recommends denying Mr. Okennard's motion because it is not the type of request that may be granted through the issuance of a temporary restraining order. Magistrate Judge Wilkerson views it as not merely a request that would preserve status quo, but instead, as a request for the Court to take over prison management. However, Magistrate Judge Wilkerson's recommendation does not preclude later entry of injunctive relief. The Court's recommendation limits only the *immediate* issuance of an order before Defendants answer.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. § 636(b)(1)(B), (c); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Harper*, 824 F. Supp. at 788. In making this determination, the Court must look at all of the evidence contained in the record and "give 'fresh consideration to those issues to which specific objections have been made.'" *Id.*, *quoting* 12 Charles Alan Wright et al., *Federal Practice and Procedure* § 3076.8, at p. 55 (1st ed. 1973) (1992 Pocket Part).

However, where neither timely nor specific objections to the Report and Recommendation are made, pursuant to 28 U.S.C. § 636(b), this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). While a *de novo* review

is not required here, the Court has considered the record and Magistrate Judge Wilkerson's Report and Recommendation and fully agrees with the findings, analysis, and conclusions of Judge Wilkerson.

The Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 28) and **DENIES** Mr. Okennard's motion for a temporary restraining order (Doc. 10). Mr. Okennard may consult with his newly-appointed attorney to determine whether another request for injunctive relief is warranted.

**IT IS SO ORDERED.**

DATED: October 18, 2012

s/_____
G. PATRICK MURPHY
United States District Judge